S. W. LATHAM *v.* VINSON DIXON and another.

*Evidence—Transaction with Person Deceased.*

The prohibition in C. C. P., § 343, against the testimony of interested parties, applies only to witnesses examined on commission, or on the trial or hearing of an action or special proceeding, and has no reference to such affidavits as may be needed in the progress of a cause ;

*Hence*, it is competent for the assignee of a judgment against one deceased, on which execution has not issued within three years, to prove by his own oath, in support of a motion to issue an *alias* execution, that such judgment has not been paid by the deceased defendant.

(*Ritter* v. *Stutts*, 8 Ired. Eq., 240, cited and approved.)

MOTION for leave to issue Execution heard on appeal at Fall Term, 1879, of CRAVEN Superior Court, before *Avery, J.*

This was a motion made before the clerk of the superior court of Craven county for leave to issue execution after the lapse of three years. The judgment was rendered in the superior court at spring term, 1870. Not long after its rendition, David Wharton, one of the defendants, died, and notice of the motion was served on his executor and the other defendant. The evidence offered by the plaintiff was the docket and the affidavit of E. G. Wise, who was assignee of the judgment, to show that the judgment had not been paid and more than three years had elapsed since the issuing of an execution. The defendants objected on the ground that Wise, being a party in interest and the defendant Wharton being dead, was disqualified by section 343 of the code. The clerk overruled the objection and allowed the motion, and the defendants appealed to the superior court, and at fall term, 1879, the judge affirmed the clerk's decision, from which the defendants appealed to this court.

*Mr. H. R. Bryan*, for plaintiff.
*Mr. W. W. Clark*, for defendants.

ASHE, J. The provisions of section 343 of the code of civil procedure do not apply to this case. The prohibition in that section applies only to the testimony of a witness examined on commission, or on trial, or hearing of an action or special proceeding, and has no reference to the affidavits that may be required to be made in the progress of a cause. It has always been the practice of the courts to receive the affidavit of parties to a suit who were incompetent, on the trial, on account of interest, infamy, or other cause, on questions connected with the progress of the action which did not involve the matters in controversy, but matter which was auxiliary thereto, and which was always addressed to the court; as for instance, the affidavit of a party to a suit as to the materiality of a witness, diligent search made for a witness or a paper, the death of a subscribing witness, the continuance of a cause, or the loss of an instrument which is the foundation of an action. 1 Greenl. Ev., 401.

The same doctrine has been uniformly recognized and practiced in this state. In the case of *Ritter* v. *Stutts,* 8 Ired. Eq., 240, it is held: "If in the institution of a suit, or in its progress, the course of the court requires a party to make an affidavit, the fact of his being infamous does not make him incompetent to do so," for said Chief Justice PEARSON, who delivered the opinion of the court. "if an affidavit be required, and at the same time the party is held to be incompetent to make it, he cannot pursue his right, and there will be in effect a denial of justice. The principle is settled as well upon the reason of the thing as by authority." In that case the plaintiff in the cause, though interested and infamous, was allowed to prove the loss of his bond upon which the suit was brought.

But section 256 of the code of civil procedure, which provides that no execution shall be issued upon a judgment after the lapse of three years without leave of the court, ex-

pressly admits the oath of the party to establish the fact that the judgment in some part thereof remains unsatisfied. If this were not so, it would often happen when a defendant dies after judgment, that the plaintiff would be unable to prove the non-payment of the judgment by any one else, and it would often amount to a denial of justice, for it is a fact that lies most generally in the exclusive knowledge of the plaintiff.

No error.                                      Affirmed.